SHIPMAN & GOODWIN LLP
Paul D. Sanson (PS4337)
Laurie A. Sullivan (LS0419)
One Constitution Plaza
Hartford, CT 06103
Tel. (860) 251-5000

Attorneys for Plaintiff
Cumberland Farms, Inc.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 12 2010   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CUMBERLAND FARMS, INC.,

                Plaintiff,

v.

LEXICO ENTERPRISES, INC. and
FRANK KESHTGAR

                Defendants.

---

Case No. CV 10 4658

COMPLAINT

SPATT, J.

TOMLINSON, M

October 8, 2010

    Plaintiff Cumberland Farms, Inc. ("CFI") hereby files its Complaint against defendants Lexico Enterprises, Inc. ("Lexico") and Frank Keshtgar ("Keshtgar") (together, "Defendants") and alleges and states as follows:

### The Parties

    1.    Plaintiff CFI is a corporation organized under the laws of Delaware, with its principal place of business in Framingham, Massachusetts. CFI operates a network of retail convenience stores and gasoline service stations in New England, the mid-Atlantic states, and Florida. One of the ways CFI operates its retail locations is by entering into leases and gasoline supply agreements with independent dealers, who then operate the service stations and convenience stores.

2. Upon information and belief, defendant Lexico is a New York corporation with an executive office at 701 West Montauk Highway, Bay Shore, New York, 11706-8220.

3. Upon information and belief, defendant Keshtgar is an individual residing in the state of New York, and a principal and/or officer of Lexico.

## Jurisdiction and Venue

4. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Lexico maintains its principal place of business in this District, a substantial part of the events or omissions giving rise to CFI's claims occurred in this District, and a substantial part of the Premises that is the subject of this action is situated in this District.

## The Parties' Franchise Agreements

6. CFI and Lexico were parties to a franchise relationship, which included a Retail Motor Fuel Outlet Lease effective August 1, 2006 through July 31, 2009 (the "Lease") and a Dealer Contract of Sale effective August 1, 2006 through July 31, 2009 (the "Supply Agreement"). These agreements provided that if Lexico wanted to assign its rights under the franchise agreements, it had to obtain CFI's approval.

7. Specifically, Paragraph 10 of the Lease provides: "ASSIGNABILITY: Except as specifically provided by law or by this Lease, Lessee shall not have the right to assign or encumber Lessee's interest in this Lease or in the premises, or sublease all or any part of the premises, without Lessor's prior written consent, which consent will not be unreasonably withheld."

8. Similarly, Paragraph 14 of the Supply Agreement provides: "ASSIGNABILITY: Except as specifically provided by law or by this Contract, Purchaser shall not have the right to assign its interest in this Contract without Seller's prior written consent, which consent will not be unreasonably withheld."

9. Pursuant to Paragraph 19 of the Lease, Lexico is obligated to reimburse CFI for all costs incurred in enforcing CFI's rights under the lease. Specifically, Paragraph 19 of the Lease provides: "REIMBURSEMENT OF LESSOR'S COSTS: Lessee shall reimburse Lessor for all reasonable costs (including all attorneys' fees) that Lessor incurs in enforcing its rights and remedies under this Lease."

## The Keshtgar Guaranty

10. Effective April 26, 2006, and in consideration for CFI's extension of credit, loans and/or advances to Lexico, Keshtgar issued to CFI a Continuing Guaranty (the "Guaranty").

11. By way of the Guaranty, Keshtgar agreed to be liable for all of Lexico's indebtedness to CFI, including all debts and other obligations of Lexico to CFI of any kind, whether made directly to CFI or subsequently acquired by CFI by assignment or succession.

12. Pursuant to Paragraph 6 of the Guaranty, Keshtgar agreed to be liable for all expenses, including attorney's fees, reasonably incurred by CFI in efforts to collect or enforce any Indebtedness or the Guaranty.

13. Pursuant to the terms of the Guaranty, Keshtgar is obligated to pay the Indebtedness in full when it becomes due.

14. By its terms, the Guaranty is continuing in effect until revoked pursuant to certain provisions therein.

15. The Guaranty has never been revoked and continues in effect.

## The Underlying Dispute Between CFI and Lexico

16. Lexico is a former lessee-dealer franchisee of CFI and operated an Exxon-branded station on property owned by CFI, located at 2030 Sunrise Highway in Merrick, New York (the "Franchise").

17. On or about March 4, 2008, Lexico attempted, as franchisee, to sell the Franchise and assign its related franchise agreements to a third party, WorldCo Petroleum NY Corporation ("WorldCo.").

18. The sale and assignment from Lexico to WorldCo did not take place.

19. On June 3, 2008, Lexico filed a lawsuit against CFI, captioned Lexico Enterprises, Inc. v. Cumberland Farms, Inc., docket number 2:08 CV 2221-LDW-WDW, in the U.S. District Court for the Eastern District of New York. In its two-count complaint, Lexico claimed: (1) that CFI wrongfully withheld consent to the proposed sale and assignment to WorldCo in violation of the franchise agreements; and (2) tortious interference with contract by CFI. Lexico also sought money damages in the amount of $407,000, the price WorldCo agreed to pay for the Franchise if the sale had gone forward.

20. A jury trial on Lexico's claims against CFI commenced on July 26, 2010.

21. At the conclusion of the trial, the Court determined that Lexico had not met its burden of proof with respect to the second count for tortious interference with contract and dismissed that claim.

22. Lexico's first count for wrongful withholding of consent was sent to the jury for deliberation. On July 29, 2010, the jury unanimously found that CFI did not unreasonably withhold consent pursuant to Paragraph 10 of the Lease and Paragraph 14 of the Supply Agreement (the "Assignability Clauses") and returned a verdict in CFI's favor.

23. On April 27, 2009, Lexico also filed a second suit against CFI, captioned <u>Lexico Enterprises, Inc. v. Cumberland Farms, Inc.</u>, docket number 2:09 CV 0712-ADS-ETB, also in the U.S. District Court for the Eastern District of New York, based upon the very same set of facts alleged in the first suit. In the second suit, Lexico filed a two-count complaint claiming: (1) that CFI wrongfully withheld consent to the proposed transfer to WorldCo in violation of the parties' franchise agreements; and (2) tortious interference with contract by CFI, and seeking money damages for lost profits after the proposed sale and assignment to WorldCo was terminated. The Court dismissed the second suit based on the prior pending action doctrine and the case was closed on March 1, 2010.

24. By suing CFI and claiming CFI did not have the right under the franchise agreements to withhold consent to the WorldCo sale, Lexico caused CFI to incur attorneys fees, costs of suit and other expenses in order to enforce its rights. As a result of Lexico's lawsuit challenging CFI's rights under the agreements, CFI incurred legal fees in an approximate amount of $344,163.29 (the "Indebtedness").

## COUNT I: LIABILITY UNDER THE LEASE (AGAINST LEXICO)

25. CFI hereby repeats and realleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. In accordance with Paragraph 19 of the Lease, because Lexico caused CFI to incur the Indebtedness in order to enforce its rights under the Lease, specifically, its right to withhold consent to a proposed sale and assignment to a third party when such withholding of consent is reasonable, Lexico is obligated to reimburse CFI for all of the Indebtedness.

27. Lexico has failed to pay any portion of the Indebtedness due and owing to CFI as described herein.

## COUNT II: LIABILITY UNDER THE GUARANTY (AGAINST KESHTGAR)

28. CFI hereby repeats and realleges paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. CFI incurred the Indebtedness enforcing its rights under the Lease, specifically, its right to withhold consent to a proposed sale and assignment to a third party, when such withholding of consent is reasonable. Accordingly, pursuant to Paragraph 19 of the Lease, CFI is entitled to recover the Indebtedness from Lexico.

30. Lexico has not paid any portion of its obligations under Paragraph 19 of the Lease.

31. Lexico's obligations under Paragraph 19 of the Lease constitute indebtedness as set forth in the Guaranty.

32. In the Guaranty, Keshtgar unconditionally agreed to be liable for unpaid indebtedness of Lexico.

33. Lexico having failed to pay the Indebtedness due and owing to CFI as described herein, and demand having been made on Keshtgar, Keshtgar is obligated and liable to CFI for all such sums.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Cumberland Farms, Inc. prays for judgment awarding it the following relief against Lexico and Keshtgar:

(a) Costs and attorneys fees incurred during the litigation and trial of Lexico's claims against CFI;

(b) All other fees, costs, expenses and interest beyond that specified in Counts I and II above, including but not limited to fees and costs incurred in this lawsuit; and

(c) Such other and further relief at law or in equity as the Court deems appropriate.

Dated: October 8, 2010

Respectfully submitted,

_____
Paul D. Sanson  (PS4337)
Laurie A. Sullivan (LS0419)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Tel:  (860) 251-5000
Fax:  (860) 251-5319
psanson@goodwin.com
lsullivan@goodwin.com

*Attorneys for PLAINTIFF*
*CUMBERLAND FARMS, INC.*