United States District Court
Eastern District of New York
-----------------------------------------------------X
Cumberland Farms, Inc.,

                                              Case no.: 2-10 cv-4658
                    Plaintiff,            (ADS) (AKT)


            -against-            Defendants' Memorandum of Law

Lexico Enterprises, Inc and Frank Keshtgar.

            Defendants.
-----------------------------------------------------X

## STATEMENT

The parties jointly sought permission to each move for summary judgment and received the Court's permission to do so.  Defendants submit this memorandum of law in opposition to Plaintiff's motion for summary judgment on Defendants liability to Plaintiff and in support of Defendant's application for summary judgment dismissing Plaintiff's complaint.

## FACTS

Pursuant to a Retail Motor Fuel Outlet Lease dated August 1, 2006, (the "Lease") defendant Lexico Enterprises, Inc. ("Lexico") leased the Exxon branded gasoline station and convenience store located at 2033 Sunrise Highway, Merrick, NY from Cumberland Farms Inc. ("CFI" or Defendant, exh. A to Brooks's declaration [1])   Simultaneously Lexico and CFI entered into a Dealer Contract of Sale (Supply Contract", exh. B) which addressed the purchase and sale of gasoline at the Premises.   On or about April 26, 2006, defendant Frank

---

[1] Unless otherwise stated all references to exhibits are to the exhibits attached to the Brooks declaration dated July 28, 2011.

1

Keshtgar ("Keshtgar") signed a Continuing Guaranty in favor of CFI. (the "Guaranty" exh. C).

*Inter alia*, the Lease provided that Lexico was to pay rent, post security, obtain insurance, the hours Lexico was to operate, the term of the Lease and in paragraph 4 of the Lease, Lexico made numerous other covenants to CFI. However, Lexico did not covenant that it would not sue CFI.

Both the Lease and Supply Agreement gave Lexico the right, subject to CFI's approval to assign them. CFI agreed that it would act reasonably with respect to any request to assign. Lexico sought CFI's permission to assign both. CFI denied the request. Lexico believed that CFI had acted unreasonably in denying the request to assign and brought 2 suits ("Lexico-CFI suits") in this Court seeking damages as a result of CFI denying Lexico its contractual right to assign the Lease and Supply Agreement. One suit was tired before a jury before Judge Wexler and one was dismissed without prejudice by Judge Spatt. The jury returned a verdict in CFI's favor. Judge Wexler signed the judgment in CFI's favor on July 29, 2010 and the clerk entered the judgment on July 30, 2010[2]. Approximately 3 months after the jury verdict, in a complaint dated November 2010, CFI brought this action to recover its costs.

Paragraph 19 of the Lease provides that under one condition, CFI is entitled to costs. The paragraph states:

"REIMBURSEMENT OF LESSOR'S **COSTS**. Lessee shall reimburse Lessor for all reasonable **costs** (including attorneys' fees) that Lessor incurs in enforcing its rights and remedies under this Lease." (emphasis supplied) The Supply Agreement does not have a similar provision.

The Lease does not have a provision that any ambiguities in the Lease will not be construed against the drafter. <u>Mastrobuno et al. v. Shearson Lehman Hutton, Inc.</u>, et al. 514 U.S.52, 62-3; 115 S. Ct 1212; 131 L. Ed 2d (1995).

---

[2] The Defendants' request the Court to take judicial notice of the dockets of this suit as well as the dockets of the Lexico-CFI suits.

POINT I

SINCE LEXICO IS NOT INDEBTED TO CFI UNDER THE LEASE, KESHTGAR IS NOT RESPONSIBLE TO CFI UNDER THE GUARANTY.

Recognizing that paragraph 19 does not give CFI the right to its costs under these circumstances, CFI turns the clear[3] language of paragraph 19 on its head, and argues that it is entitled to costs since in the Lexico-CFI suits: "CFI was enforcing its right not to approve the assignment." CFI brief @ 7.

The ordinary meaning of the word enforce is to compel obedience to or to cause to be executed.  International Paper Co. v. Town of Jay, 665 A.2d 998, 1002 (Me. 1995) internal cites omitted.

"'….to "enforce" *** (is) to compel someone to do something or not to do something…….(parenthetical supplied; internal cites omitted) Gulf Life Ins. Co. v. Arnold, 809 F2d 1520, 1523 (11th Cir. 1987)

Black's Law Dictionary defines right as: "(2) loosely to compel a person to pay damages for not complying with (a contract)" parenthetical in original.  Black's, 608. 9th ed. Garner)

The language of Paragraph 19 is straight forward.  Based on the common definition of "enforce" and "right" CFI was not enforcing any of its Lease rights in the Lexico-CFI suits .  CFI did not sue to collect rent or to compel Lexico to post security or to operate during the hours set forth in the Lease.  After refusing to consent to the assignment, CFI did not take any affirmative action to enforce its rights under the Lease.

After CFI refused to consent to the assignment of the Lease, CFI did not proceed with the assignment.  This might have compelled CFI to seek injunctive relief to enforce its right not to consent.  CFI did not bring a suit for a declaratory judgment seeking a ruling that CFI had acted properly in not consenting to the assignment.[4]  When sued by Lexico, CFI denied, contested and opposed the claims and allegations made by Lexico in the Lexico-CFI suits.  CFI's behavior in the Lexico-CFI suits was the perfect example of the legal definition of defend.

---

[3] At pages 4 and 5 of its brief, CFI admits that the Lease's language is not ambiguous.

3

"(1) To deny, contest, or oppose (an allegation or claim) <the corporation vigorously defended against the shareholders' lawsuit>" parenthetical in original, Black, *supra*, 482.

The costs CFI seeks to recover for the Lexico-CFI suits were incurred solely as a result of CFI defending its refusal to consent to the assignment, not as a result of enforcing a right under the Lease.

Paragraph 19 of the Lease is clear and unambiguous. Only if CFI took affirmative action to enforce its rights and remedies under the Lease, was it entitled to the costs it incurred in enforcing its Lease rights and remedies. Since CFI has not done anything to enforce a Lease right or remedy, it is not entitled to its costs. Since CFI is not entitled to the costs it incurred in defending the Lexico-CFI suits, Keshtgar is not obligated under the Guaranty.

POINT II

CFI's DEMAND FOR ATTORNEY FEES IS A COMPULSORY COUNTERCLAIM. HAVING FAILED TO SEEK ITS COSTS IN THE LEXICO SUITS, RULE 13a OF THE FEDERAL RULES OF CIVIL PROCEEDURE REQUIRES THIS <u>SUIT TO BE DISMISSED</u>

Rule 13(a): "……was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." Southern Const. Co. v. Pickard 371 U.S. 57, 60, S. Ct. 108, 9 L.Ed.2d 31 (1962). CFI's suit is one that the Supreme Court held Rule 13a was specifically adopted to bar.

CFI's claim for costs pursuant to paragraph 19 of Lease is a compulsory counterclaim and CFI's failure to demand those costs as a counterclaim in the Lexico-CFI suits, bars CFI from a recovery in this proceeding . United States v. EastPort Steamship Corporation, 255 F2d 795, 801-2 (2d Cir. 1957)

The test under Rule 13(a) is 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. Furthermore, the Second Circuit interprets Rule 13(a) compulsory counterclaims broadly and has held that 'a counterclaim is compulsory if it bears a 'logical

---

[4] Either of which might have been held to be enforcing CFI's rights under the Lease.

relationship---not necessarily an 'absolute identity of factual backgrounds 'to the main claim. (cites omitted). In Re McLean Industries, 162 B.R. 410,417

The logical relationship between the Lexico-CFI suits and CFI's claim for costs is obvious.  ne cannot succeed unless the other fails. United States v. EastPort Steamship Corporation, 255 F2d 795, 804-5 (2d Cir. 1957)

The purpose of Rule 13(a) is to prevent multiplicity of suits and to resolve in one suit of all disputes arising out of common matters.  CFI cannot in good faith argue that the Lexico-CFI suits and this action are not logically connected.  Both sought to enforce provisions from the Lease and the success of either Lexico or CFI required the other to fail.  Clearly, CFI's suit for costs was a compulsory counterclaim and the failure to raise it in the Lexico-CFI suits bars CFI from pursing it now. Crutcher v. Aetna Life Insurance Co., 746 F2d 1076, 1080 (5th Cir. 1984)

Any argument that CFI could not have made a counterclaim for its costs in the Lexico-CFI suits is specious.

> "A counter claim will not be denied treatment as a compulsory counter claim solely because recovery on it depends on the outcome of the main action." Interphoto Corporation v. Minolta, 47 F.R.D. 341, 344 (S.D.N.Y. 1969)

The instant of the first to occur of either CFI's employees or its counsel discussing, investigating or reviewing the complaints in the Lexico-CFI suits, CFI incurred costs.  Although the exact amount of the costs that CFI might eventually incur was unknown, or that the costs might only be recoverable if CFI successfully defended the Lexico-CFI suits, does transform CFI's compulsory counterclaim into a permissive one. Port of Stockton v. Western Bulk Carriers KS 371 F3d 119 (9th Cir. 2004), The Law Offices of Jerris Leonard v. MidEast Systems, 111 F.R.D. 3rd59 (D.D.C. 1986) D'Jamoos v. Griffith, 368 F.Supp2d 200 (E.D.N.Y. 2005), Interphoto 47 F.R.D. 341.

In Leonard, plaintiff sued to recover his attorney fees.  MidEast answered but it did not plead a counterclaim for legal malpractice.  Months later, in a separate jurisdiction MidEast sued the Leonard plaintiff for legal malpractice.  In dismissing the malpractice suit, the Court ruled that the malpractice suit was a compulsory counterclaim and was barred.  In attempting to defend its

5

position, MidEast claimed that when it filed its answer in the suit for legal fees, it did not know that Leonard had committed malpractice. MidEast claimed that evidence of malpractice was not discovered until an after investigation was conducted and the investigation was not conducted until after MidEast filed its answer in the suit for legal fees. The Court rejected the argument.

The fact that MidEast did not know of the malpractice did not make the claim "immature". What was key was at the time MidEast filed its answer in the suit for legal fees there was a claim. The <u>Leonard</u> Court held that the malpractice occurred before the answer was due, thereby making the claim compulsory and: "If a party fails to plead a compulsory counterclaim while litigation is pending, it is forever barred from raising the claim. All of the facts which form the basis for the legal malpractice action were known or should have been known when the answer was filed. " Internal cites omitted <u>Leonard</u> 111 F.R.D .359, 361-2

Here, all of the facts on which CFI relies as a basis for its suit for costs were known well before its answers in the Lexico-CFI suits were filed. CFI was aware that it had refused to consent to the assignment, it believed its refusal was reasonable and since the Lease was its own document, it must have been aware that paragraph 19 of the Lease entitled CFI to costs in the event it successfully enforced a Lease provision. This suit is barred, since it is a compulsory counterclaim and was not raised in the Lexico-CFI suits. <u>Port of Stockton,</u> 371 F3d 119, <u>The Law Offices of Jerris Leonard,</u> 111 F.R.D. 3rd 59 <u>D'Jamoos</u>, 368 F.Supp. 2d 200, <u>Interphoto</u> 47 F.R.D. 341.

## POINT III

### CFI HAS FAILED TO COMPLY WITH RULE 54(d) OF THE FEDERAL RULES OF CIVIL PROCEEDURE. IT HAS THEREFOR WAIVED ITS RIGHT TO COSTS.

Rule 54(d) of the Fed.R.Civ.P. mandates that a request for costs be made within 14 days of the judgment being entered. Rule 54(d)(2)(A) provides that if attorney fees are sought the request is to be made by motion within the same 14 day period. If the request is not made within that time period the claim for attorney fees is waived. <u>Port of Stockton</u>, 371 F3d 1119. A review of the local rules for the Eastern and Southern Districts reveals that the 14 day period set forth in Rule 54 has not been amended. Rule 54(d)(2)(A) also provides that application by motion and the 14 day time

6

period does not apply if substantive law requires the amount of attorney fees to be proved at trial as an element of damages.

In the Port of Stockton, 371 F3d 1119, the 9th Circuit addressed the exception created by the "substantive law" language in the Rule 54(d)(2)(A) [5]  In Port of Stockton a ship owner sued the Port for damages a vessel sustained when it ran aground.  The complaint also sought the ship owner's costs and reasonable attorney fees.  The ship owner's request for costs and reasonable attorney fees was based on a provision in the Port's tariff which provided that in any suit, the prevailing party was entitled to both.  The Port answered.  Its answer did not seek its potential costs and attorneys fees.  "The Port, however declined to file an analogous counterclaim for its **potential** costs and fees ……"Port of Stockton 371 F3d 1119, 1120 (emphasis added).  Later in the litigation the Port sought to amend its answer to include a counterclaim for its potential costs and attorney fees.  The request was denied.  Eventually a judgment was entered in favor of the Port.  Later, relying on the tariff the Port as the prevailing party sued to recover its costs and attorney fees.  The lower court dismissed the Port's suit on the grounds that its request was barred since it was a compulsory counterclaim.  Since the parties had agreed that California law would control, the 9th Circuit looked to California law and held that by statute, California treated the right of a prevailing party to recover attorney fees pursuant to a contract as costs and held that the Port's request for fees had to be made by motion within the time set forth in Rule 54(d).

Paragraph 19 of the Lease stated that CFI was entitled to its **costs**; which was parenthetically defined to include reasonable attorney fees.  The tariff in The Port of Stockton, 371 F3d 1119, gave the prevailing party the right to its costs **and** attorney fees.   Based on the unambiguous language of the Lease, CFI had the right to seek its costs, but the Federal Rules required it to seek those costs by motion 14 days after the judgment was entered.   Instead of moving within the time required by the Federal Rules, CFI waited some 3 months before filing an action to recover its costs and its delay and failure to timely request its fees, CFI is barred from recovering them.  United Industries, Inc. v. Simon Hartley, Ltd. 91 F3d 762, 766 (5th Cir.1996).

---

[5] In explaining the 9th Circuit's decision, in an attempt to avoid confusion, "Port" will be used to refer to the legal entity and Port of Stockton to the decision.

7

CONCLUSION

Lexico is not responsible under the Lease for any of the costs CFI incurred in defending the Lexico-CFI suits. The costs Plaintiff seeks should have been sought as a compulsory counterclaim and failure to seek them in the Lexico-CFI suits bars CFI from attempting to collect them now. Consequently, Lexico is not indebted to CFI which relieves Keshtgar or any responsibility under his guaranty. Defendants' application for summary judgment dismissing CFI's complaint must be granted and CFI's request for a ruling that Defendants are responsible for CFI's costs must be denied.

Dated: Inwood, NY
August 19, 2011

                         Respectfully submitted
                         Kenneth Geller, P.C.
                         Attorney for Defendants


                         By: S/_____
                         Kenneth Geller (2399)
                         372 Doughty Boulevard
                         Inwood, NY 11096
                         (516)-371-0967
                         kengasda@optonline.net

To:
Shipman & Goodwin LLP
Attorneys for plaintiff
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000
psanson@goodwin.com