UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CUMBERLAND FARMS, INC.,

                Plaintiff,

                            **SHORT ORDER**
      -against-                  10-cv-4658 (ADS)(AKT)


LEXICO ENTERPRISES, INC., and
FRANK KESHTGAR

                Defendants.
-------------------------------------------------------X

**APPEARANCES:**

**Shipman & Goodwin LLP**
*Attorneys for the Plaintiff*
One Constitution Plaza
Hartford, CT  06103
    By:  Paul D. Sanson, Esq.
          Laurie A. Sullivan, Esq., Of Counsel

**Law Offices of Kenneth Geller**
*Attorney for the Defendants*
372 Doughty Boulevard
Inwood, NY  11096
    By:    Kenneth Geller, Esq., Of Counsel

**SPATT, District Judge.**

        On February 16, 2012, this Court granted the Plaintiff's motion for summary judgment in an action to recover reimbursement of attorneys' fees and costs that the Plaintiff, Cumberland Farms, Inc. ("Cumberland") incurred in previous cases where one of the Defendants, Lexico Enterprises, Inc. ("Lexico"), unsuccessfully asserted several claims against the Plaintiff arising out of a franchise agreement.  In particular, the Court found there to be no question of fact as to whether the unambiguous language of the parties' agreement evinced a clear intent to indemnify Cumberland's costs relating to claims arising from their agreement in which Cumberland

1

enforced its rights and remedies. The Court therefore directed the Plaintiff to provide the Court with a calculation of its requested fees and costs within ten days of the date of the Court's Memorandum of Decision and Order. Thereafter, the Court afforded the Defendants the opportunity to object to the Plaintiff's calculations.

On March 8, 2012, the Plaintiff submitted its motion for attorneys' fees pursuant to the Court's February 16, 2012 Order. The Plaintiff provided records which included the date, attorneys' name, amount of time spent, and description for all work for which Cumberland is seeking reimbursement. (See Docket No. 46.) The Plaintiff's counsel, Kenneth Geller, Esq., indicated that he personally reviewed all of the invoices and removed entries that might arguably be considered duplicative, excessive, unnecessary, or otherwise improper. In sum, the Plaintiff seeks a total of $298,195.00 in attorneys' fees and $5,090.07 in costs. On March 20, 2012, the Defendants filed an objection to the Plaintiff's motion for attorneys' fees, raising three major concerns.

First, the Defendants request that the Court direct the Plaintiff's counsel to submit the firm's actual time records, as opposed to a "sanitized" version, so that the Defendants may have the opportunity to review the actual contemporaneous records and not an "after the event summary of time Plaintiff's counsel believes is proper." (Docket No. 48.) The Court grants this request. Within ten days of the date of this Order, the Plaintiff is directed to submit the firm's actual time records, without the removal of any arguably duplicative, excessive, unnecessary, or otherwise improper time charges, so that the Defendants may have the opportunity to review an unedited version.

Second, the Defendants request that the Plaintiff's counsel be directed to produce all Federal Court decisions in which the Plaintiff's counsel sought and has been awarded fees. The

2

Court denies this request. Fees that the Plaintiff's counsel has received in other cases is not relevant to the current assessment. Rather, case law requires the Court to consider other factors, such as the complexity of this particular case and the results obtained, and apply hourly rates that are "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir. 1997) (internal quotation marks omitted).

Finally, the Defendants assert that the issue of the amount of attorneys' fees due to the Plaintiff is a question for the jury and not the Court, and therefore requests that the Court's previous Order be amended to reflect that the issue of the amount of attorneys' fees is to be determined by a jury. The Court also denies this request.

The premise of the Court's summary judgment decision was that parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law. See Alland v. Consumers Credit Corp., 476 F.2d 951, 956 (2d Cir. 1973). The Court granted the Plaintiff's summary judgment motion because there was no question of fact as to whether, under the clear and unambiguous terms of the agreement, that the Plaintiff was entitled to reimbursement of the attorneys' fees and costs it incurred in the prior lawsuits.

However, it is "the common practice in the district courts of this Circuit . . . for the judge to determine the amount of attorneys' fees owed pursuant to an indemnification agreement after the liability for such fees is decided". McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir. 1993). The Second Circuit has explicitly ruled that when a contract provides for an award of attorneys' fees, and it is determined that a party may recover attorneys' fees, then the judge is to

determine a reasonable amount of fees. See id. The only exception to this rule is for a contract for legal services between a client and a lawyer, a situation not applicable here.

The rationale behind this concept is that an assessment of the reasonable amount of attorneys' fees in a particular case requires more than the simple multiplication of the hours spent and the hourly rate. Rather, the appropriate calculation concerns a consideration of a number of factors, including the time and labor reasonably required by the case; the skill demanded by the novelty or complexity of the issues; the burdensomeness of the fees; the incentive effects on future cases; and the fairness to the parties. "Such collateral issues do not present the kind of common-law questions for which the Seventh Amendment preserves a jury trial right." Id. Moreover, as explained by the Second Circuit, "Judges are better equipped than juries to make computations based on details about billing practices, including rates and hours charged on a particular case." Id. at 316.

In sum, "the subsequent determination of the amount of [contractual] attorneys' fees owed presents equitable issues of accounting which do not engage a Seventh Amendment right to a jury trial." McGuire v. Russell Miller, Inc., 1 F.3d at 1314 ("The amount of attorneys' fees owed was not an issue of fact that required proof at trial; it was an issue for the court to review after a finding of liability"). See also New Shows, S.A. de C.V. v. Don King Productions, Inc., No. 95 Civ. 8851, 1999 WL 553780, at *11 (S.D.N.Y. July 29, 1999) ("Because the jury found that DKP had breached the Co–Promotion Agreement, no further finding of fact needs to be made with regard to plaintiff's entitlement for attorney's fees on the breach of contract claim. The amount of attorney's fees to be awarded may appropriately be determined by the Court instead of the jury.").

Therefore, the Plaintiff is directed to submit the unedited time records as described above within ten days of the date of this Order. Once again, the Defendant will have the opportunity to file an objection within ten days of the date of that submission.

**SO ORDERED**.

Dated: Central Islip, New York
March 26, 2012

                   _____*/s/ Arthur D. Spatt*_____
                     ARTHUR D. SPATT
                   United States District Judge